**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leonard BROWN, Defendant–Appellant.**

**No. 06–50240.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Timothy J. Searight, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Brian A. Newman, Esq., Law Offices of Brian A. Newman, Culver City, CA, for Defendant–Appellant.

Before: PREGERSON, THOMPSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Defendant–Appellant Leonard Brown timely appeals his conviction for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Brown urges suppression of key evidence against him resulting from warrantless searches of his person, his vehicle, his business, and

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

his son's car, claiming violation of his Fourth Amendment rights. The district court denied his motion to suppress evidence resulting from these searches. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Brown first seeks to suppress a large amount of currency discovered by a Los Angeles County Sheriff's Department detective during a pat-down search. The detective, however, could have reasonably suspected that Brown was carrying a weapon, both from Brown's behavior at the scene and surveillance evidence suggesting he was in possession of a large quantity of cocaine. *See United States v. $109,179 in U.S. Currency,* 228 F.3d 1080, 1086 (9th Cir.2000).

Brown also challenges his detention at the scene and the search of his car. Surveillance evidence, combined with Brown's behavior at the scene, gave detectives ample predicate to detain him for a short time until a drug-sniffing dog could arrive. *See United States v. Erwin,* 803 F.2d 1505, 1509 (9th Cir.1986). The same information gave the detective probable cause to search his entire vehicle and any containers found within for evidence of narcotics trafficking. *See Wyoming v. Houghton,* 526 U.S. 295, 301, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999).

Brown asserts that the search of his business was unconstitutional. Brown, however, was subject to probation search terms requiring him to submit to searches of his person and property at any time. Moreover, the Sheriff's Department had reasonable suspicion, based on information from surveillance and the earlier traffic stop, to conduct the search. *See United States v. Knights,* 534 U.S. 112, 121, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001).

Finally, Brown argues for suppression of evidence resulting from the search of his son's parked car. Although he does have a sufficient privacy interest in his son's car to challenge the search, *see United States v. Thomas,* 447 F.3d 1191, 1198 (9th Cir.2006), his claim lacks merit. While the police were at Brown's business, a drug-sniffing dog drew detectives to the car, which was parked nearby. The dog's reaction supplied probable cause to search the vehicle. *See Illinois v. Caballes,* 543 U.S. 405, 409, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005).

**AFFIRMED.**